# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

NAFEESAH A. MADYUN,
      Appellant,

      v.

UNITED STATES POSTAL SERVICE,
      Agency.

DOCKET NUMBER
AT-0353-18-0386-I-1

DATE: March 27, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>David Champion</u>, Memphis, Tennessee, for the appellant.

<u>Cynthia R. Allen</u>, Memphis, Tennessee, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her restoration appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The agency employs the appellant as a City Mail Carrier. Initial Appeal File (IAF), Tab 5 at 43. The appellant suffered a compensable injury on February 24, 2014. *Id.* at 59. The Office of Workers' Compensation Programs (OWCP) determined that the accepted conditions for her traumatic injury were a sprain of her right wrist and foot, neck, and right-hand carpal tunnel syndrome. *Id.* On August 6, 2015, OWCP terminated the appellant's wage loss benefits, finding that her accepted medical conditions were no longer disabling. IAF, Tab 5 at 54-56. OWCP permitted the appellant to continue to receive medical benefits for carpal tunnel syndrome. IAF, Tab 5 at 43-58. The appellant performed the duties of her position until January 25, 2018, when her doctor completed a Form CA-17, Duty Status Report, specifying medical restrictions due to her carpal tunnel syndrome. IAF, Tab 5 at 6, 45. The agency notified the appellant that it had no work for her to perform within her new medical restrictions and sent her home. ID at 3; IAF, Tab 5 at 5-6.

On March 14, and 21, 2018, the appellant filed two claims for OWCP benefits for the period of February 3, 2018, to March 16, 2018, alleging disability due to a worsening of the carpal tunnel syndrome. IAF, Tab 5 at 14. OWCP notified the appellant on March 23, 2018, that additional evidence was needed to establish that her disability between February 3, 2018, and March 16, 2018, was due to her February 24, 2014 accepted injury because her physician had indicated that her current carpal tunnel syndrome was due to the repetitive nature of her job and had not connected the disability to the original work-related injury. *Id.* at 15.

On April 6, 2018, the appellant filed an appeal alleging that the agency improperly denied her request for restoration as a partially recovered employee and suspended her for more than 14 days beginning on January 25, 2018. IAF, Tab 1 at 2. The appellant alleged that she had a recent claim for a compensable injury that was accepted by OWCP, but the administrative judge rejected this assertion as unsubstantiated and dismissed the appeal for lack of jurisdiction,

without holding the hearing requested by the appellant. ID at 1, 3; IAF, Tab 4 at 1-2.

The administrative judge found that the appellant failed to prove that her absence beginning on January 25, 2018, was connected to her compensable traumatic injury. ID at 3. With respect to the appellant's additional claims that the agency suspended her and failed to afford her the procedures she was due under 5 U.S.C. chapter 75, the administrative judge found that the Board did not have jurisdiction over her appeal under chapter 75 because the non-preference eligible appellant did not meet the statutory definition of an "employee" as set forth in 5 U.S.C. § 7511(a)(1)(B). ID at 4. Based on her finding that the Board lacked independent jurisdiction over the claims raised on appeal, the administrative judge declined to adjudicate the appellant's claim of disability discrimination. *Id.*

The appellant filed a petition for review arguing that the Board has jurisdiction over her appeal. Petition for Review (PFR) File, Tab 1. She submits new evidence that OWCP accepted her recent carpal tunnel syndrome claim as related to her compensable work injury and began paying her compensation benefits effective January 26, 2018. IAF, Tab 1 at 15-16; PFR File, Tab 4 at 15-16. She asserts that the agency arbitrarily and capriciously denied her work. She also reasserts her discrimination claim. *Id*. at 2. The agency has responded in opposition, and the appellant has replied. PFR File, Tabs 6-7.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Federal Employees' Compensation Act and the implementing regulations of the Office of Personnel Management (OPM) at 5 C.F.R. part 353 provide, *inter alia*, that Federal employees who suffer compensable injuries enjoy certain rights to be restored to their previous or comparable positions. 5 U.S.C. § 8151(b); *Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 9 (2016). Under OPM's regulations, such employees have different substantive rights based on

whether they have fully recovered, partially recovered, or are physically disqualified from their former or equivalent positions. *Kingsley*, 123 M.S.P.R. 365, ¶ 9 (quoting 5 C.F.R. § 353.301). Partially recovered employees, like the appellant, are those who, "though not ready to resume the full range" of duties, have "recovered sufficiently to return to part-time or light duty or to another position with less demanding physical requirements." *Kingsley*, 123 M.S.P.R. 365, ¶ 9; 5 C.F.R. § 353.102.

To establish jurisdiction over a claim of denial of restoration as a partially recovered employee, an appellant is required to make nonfrivolous allegations[2] of the following: (1) she was absent from her position due to a compensable injury; (2) she recovered sufficiently to return to duty on a part-time basis or to return to work in a position with less demanding physical requirements than those previously required of her; (3) the agency denied her request for restoration; and (4) the denial was arbitrary and capricious. *Kingsley*, 123 M.S.P.R. 365, ¶ 11; 5 C.F.R. § 1201.57(a)(4), (b). Once an appellant establishes jurisdiction, she is entitled to a hearing at which she must prove the merits of her restoration appeal, i.e., all four of the above elements, by a preponderance of the evidence.[3] *Kingsley*, 123 M.S.P.R. 365, ¶¶ 11-12; 5 C.F.R. § 1201.57(c)(4).

The administrative judge dismissed this appeal for lack of jurisdiction based on her finding that the appellant failed to establish that she was absent from duty due to her compensable injury. ID at 3. However, because the appellant filed her appeal after March 30, 2015, the effective date of the current version of the Board's regulation at 5 C.F.R. § 1201.57(a) applied to her restoration claim. *Kingsley*, 123 M.S.P.R. 365, ¶ 10. Under section 1201.57(a), she is only required to make nonfrivolous allegations that, if proven, could establish the jurisdictional

---

[2] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s).

[3] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

criteria.  *Kingsley*, 123 M.S.P.R. 365, ¶ 11; *see* 5 C.F.R. § 1201.4(s).  Thus, the administrative judge erred in requiring the appellant to prove jurisdiction by preponderant evidence.  ID at 24 n.1.

We find it unnecessary here to determine if the administrative judge's error was harmful in light of the appellant's new evidence of jurisdiction presented on review.  *Pirkkala v. Department of Justice*, 123 M.S.P.R. 288, ¶ 5 (2016) (observing that the Board will consider evidence submitted for the first time on review if it is relevant to jurisdiction).  The appellant submits Department of Labor (DOL) Benefit Statements showing that OWCP began paying her wage compensation benefits effective January 26, 2018.  PFR File, Tab 1 at 15-16.  DOL issued the checks referenced in the Benefit Statement on the same date as the initial decision in this appeal, and the appellant asserts that this evidence was not available before the record closed below.[4]  *Id*. at 1-2, 15-16; *see* 5 C.F.R. § 1201.115(d) (providing that the Board may grant a petition for review based on the presentation of material evidence that was not previously available despite due diligence).  Considering this new and material evidence, we find that the appellant has nonfrivolously alleged that her absence from work is due to her work-related medical condition.  PFR File, Tab 1 at 2; *see Simonton v. U.S. Postal Service*, 85 M.S.P.R. 189, ¶¶ 11-12 (2000) (finding that the determination of whether an individual suffers from a compensable medical condition is within the exclusive purview of OWCP and neither the employing agency nor the Board has the authority to make such a determination).

---

[4] For the first time on review, the appellant also submits additional documents that predate the initial decision on appeal.  PFR File, Tab 1 at 14-19.  Because the appellant has not shown that these documents were unavailable below despite her due diligence, we decline to consider them for the first time on review.  *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (providing that, under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence).  Moreover, contrary to the appellant's argument on review, the administrative judge informed the appellant and her representative of the date that the record closed on appeal.  PFR File, Tab 1 at 1; IAF, Tab 2 at 2, 18.

We also find that the appellant has nonfrivolously alleged that she recovered sufficiently to return to duty on a part-time basis or to return to work in a position with less demanding physical requirements than those previously required of her. IAF, Tab 1 at 3, Tab 4 at 1-2; PFR File, Tab 4 at 2-4. The agency file includes CA-17 forms completed by the appellant's physician releasing her to perform work subject to specific medical restrictions due to her carpal tunnel syndrome. IAF, Tab 5 at 44-45. We further find that the appellant has nonfrivolously alleged that the agency denied her request for restoration. The agency does not dispute the appellant's allegation that the agency ordered her to stay home because of her medical restrictions on or about January 25, 2018, and denied her request for restoration. IAF, Tab 4 at 1-2; Tab 5 at 5-7, 41; PFR File, Tab 4 at 8.

Finally, we find that the appellant has made a nonfrivolous allegation that the denial of restoration was arbitrary and capricious. To establish jurisdiction under the fourth jurisdictional element, an appellant must make a nonfrivolous allegation that the agency failed to comply with the minimum requirement of 5 C.F.R. § 353.301(d), i.e., to search within the local commuting area for vacant positions to which it can restore a partially recovered employee and to consider her for any such vacancies. *Cronin v. U.S. Postal Service*, 2022 MSPB 13, ¶ 20. Here, the appellant asserts that the agency failed to properly search the local commuting area for vacant positions within her medical restrictions. PFR File, Tab 4 at 8-13. In response, the agency asserted that on April 17, 2018, it searched for work within the appellant's restrictions within commuting distance, no work was found due to the appellant's "onerous" restrictions, and the search was ongoing. IAF, Tab 5 at 6. Although the agency file includes documentation reflecting that a search was performed, the appellant alleges that the job search was improper and that there is work within her restrictions at her duty station. IAF, Tab 5 at 30-42; PFR File, Tab 4 at 8-13.

For example, the appellant alleges that the agency did not search the entire commuting area because there are no search results for White Station and Mallory Station, the search forms for 10 other locations are unsigned, and some of the limited-duty facility search forms submitted by the agency are blank. PFR File, Tab 4 at 9-10; IAF, Tab 5 at 30-40. The appellant also alleges that the agency's search was improper because it arbitrarily used a 4-hour lifting restriction for the job search although she was able to lift for 4-8 hours per her February 28, 2017 CA-17 Duty Status Report. PFR File, Tab 4 at 9-11; IAF, Tab 5 at 41, 44. Based on the foregoing, we find that the appellant has made nonfrivolous allegations that, if proven, could establish that the agency failed to comply with the minimum requirement of 5 C.F.R. § 353.301(d) by searching within the local commuting area for vacant positions to which it could restore her to work as a partially recovered employee.

Because we find that the appellant has established jurisdiction over her appeal, she is entitled to a hearing at which she must prove the merits of her restoration appeal by preponderant evidence. *Kingsley*, 123 M.S.P.R. 365, ¶¶ 11-12; 5 C.F.R. § 1201.57(c)(4). Accordingly, we remand the case to the regional office to allow the parties an opportunity to submit evidence and argument on the merits of this restoration appeal. On remand, the administrative judge also must adjudicate the appellant's disability discrimination claim after providing her with notice of the applicable burdens and elements of proof and affording the parties an opportunity to present evidence and argument on this issue. IAF, Tab 1 at 2; PFR File, Tab 1 at 2, Tab 4 at 6; *see Desjardin v. U.S. Postal Service*, 2023 MSPB 6, ¶¶ 20-21 (finding that the Board is required to adjudicate claims of discrimination and retaliation in restoration appeals once the appellant has established that the challenged action is within the Board's jurisdiction and clarifying the analytical framework applicable to such claims).

**ORDER**

For the reasons discussed above, we remand this case to the Atlanta Regional Office for further adjudication in accordance with this remand order.

*Gina K. Grippando*

FOR THE BOARD:                    _____
                                 Gina K. Grippando
                                 Clerk of the Board

Washington, D.C.